Harris v. Weis-Peterson Box Co.

---

JAMES C. HARRIS, Appellant, v. THE WEIS-PETER-SON BOX COMPANY, Respondent.

St. Louis Court of Appeals, March 4, 1901.

1. **Oral Evidence, Credibility of: PRACTICE, TRIAL: PRACTICE, APPELLATE.** The credibility of the oral evidence to support a cause of action alleged by plaintiff, upon whom rests the burden of proof, in the absence of passion, prejudice or corruption, is a matter for the triers of facts.

2. ———: ———: ———: **COURT SITTING AS A JURY.** And it is the exclusive privilege of the court sitting as a jury to resolve all questions arising upon conflicting evidence, and, indeed, to believe or disbelieve the oral testimony of the witnesses.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Roberts & Hunt* for plaintiff.

To hold that a simple receipt is conclusive evidence of the payment of money would be to overturn and destroy the ancient and well-founded principles of law which are clear and undisputable. Riley et al. v. Kershaw, 52 Mo. 224; Grumbey v. Webb, 48 Mo. 562.

*Charles B. Faris* for respondent.

(1) Appellant having failed to file a printed abstract of the record showing the evidence upon which the court below based its finding, there is nothing in this case for the appellate court to review. Bowlin v. Creel, 63 Mo. App. 229; Trimble v. Wollman, 62 Mo. App. 541; Wilds v. German Ins. Co., 65 Mo. App. 78; Western Storage Co. v. Glasner, 150 Mo. 426; R. S. 1899, sec. 813. (2) No such abstract of the evidence and record, as is required by the statute and the rules of this court, having been furnished either the court or counsel, the appellate court will invoke the rule that all presumptions are to be indulged in favor of the judgment of the court below. Adam Roth Grocery Co. v. May, 80 Mo. App. 300. (3) Appellant having failed to file a "clear and concise statement of the facts and an assignment of the errors relied on," this case ought to be affirmed. R. S. 1899, sec. 863; Long v. Long, 96 Mo. 180; Goodson v. Railroad, 23 Mo. App. 76.

BOND, J.—This suit is by attachment, grounded on the non-residency of the defendant, for the amount of several items of an account upon an alleged sale of lumber. It was submitted to the court without a jury. All the declarations of law requested by the plaintiff were given. No exceptions were taken to the rulings upon the evidence. Judgment was rendered in favor of the plaintiff for two items of the account, and for the defendants on the first and third items of the account. Plaintiff appealed.

The brief filed in this court makes no assignment of errors. It argues in a general way that the partial finding against plaintiff was contrary to a correct view of the facts introduced in evidence. The credibility of the oral evidence to support a cause of action alleged by plaintiff, upon whom rests the burden of proof, in the absence of passion, prejudice or corruption, is a matter for the triers of the facts. It is not claimed the finding of the court was biased by any of these influences, hence, it is not open to review by us. Moreover, the record shows that the defendant was in possession of a receipt executed by the plaintiff for all claims against it. While, of course, this was not conclusive, but open to explanation, yet it did, prima facie, tend to contradict the evidence adduced on plaintiff's behalf. And it was the exclusive privilege of the court, sitting as a jury, to resolve all questions arising upon conflicting evidence, and, indeed, to believe or disbelieve the oral testimony of the witnesses.

It is apparent that nothing is preserved for review by the appeal and brief of the appellant in this case, except the record proper, which does not show the judgment rendered was unwarranted. The judgment is, therefore, affirmed. All concur.